## 28933. MEREDITH v. SHEFFIELD.

UNDERCOFLER, Justice.

Janet Sheffield Meredith and James R. Sheffield were divorced in March, 1972, and custody of their two minor children by agreement of the parties was awarded to the appellant. Subsequently the father filed a petition seeking a change of custody and on June 8, 1972, by a consent order, the appellant surrendered custody of the children to Mr. and Mrs. Taft Green, the paternal grandparents of the children. That order provided: "It is further ordered that in the event Mr. or Mrs. Emmit Taft Green shall die or become incapacitated, or should no longer be able to care for the minor children of the parties, or shall no longer desire to care for the minor children of the parties, that custody of the minor children shall revert to the wife, Janet Roberts Sheffield." The father of the children remarried in the summer of 1972. In December, 1972, the children wanted to live with their father and the paternal grandparents took them to the father's home where they have since resided.

On July 9, 1973, the appellant filed her petition against her former husband in the DeKalb Superior Court seeking custody of the minor children under the consent decree of June 8, 1972, since they were no longer in the custody of the paternal grandparents. The grandparents submitted to the jurisdiction of the court. The father of the children in a cross action contended that the mother was not a proper person to have custody of the children and sought their custody on such change of condition.

After hearing evidence, the trial court found that

the grandparents had voluntarily relinquished the custody of the minor children and thereby effectively terminated their right to custody under the decree; that the mother of the children had been guilty of substantial misconduct following the entry of the divorce decree; that the father was best qualified to have custody of the minor children; and the mother was granted reasonable visitation rights. The appeal is from this judgment. *Held:*

Under our construction of the decrees in this case, the appellant's claim to custody is based upon the divorce decree and not the consent decree which was thereafter entered because the consent decree provided that custody would "revert" to her. Therefore, evidence of change of conditions affecting the welfare of these children since the grant of the original divorce decree and their custody was admissible and was properly considered by the trial court.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

SUBMITTED MAY 31, 1974 — DECIDED JUNE 25, 1974.

*Burdine & Freeman, Essley B. Burdine,* for appellant.
*Ross & Finch, I. J. Parkerson,* for appellee.